# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| LEWIS STEPPE, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00283 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| PREMO AUTOBODY, INC., | ) | By: Norman K. Moon |
|     Defendant. | ) | United States District Judge |

Lewis Steppe, a Virginia inmate proceeding *pro se*, filed this civil action, without prepayment of the filing fee, against his former employer Premo Autobody, Inc. ("Premo"). Steppe argues that Premo owes him $275.50 for work he performed as an employee in early 2014, before he was incarcerated. Inasmuch as Steppe does not include the filing fee with his complaint, I will liberally construe his pleading as containing a request to proceed *in forma pauperis* and grant that request. However, upon review of Steppe's complaint, I conclude that I have no jurisdiction over this action and, therefore, will dismiss it without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

In order for me to hear and decide a case, I must first have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists and "to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also*

Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Steppe's complaint provides no basis for either federal question jurisdiction, under 28 U.S.C. § 1331, or diversity jurisdiction, under 28 U.S.C. § 1332. Steppe appears to be attempting to set forth a cause of action which is based in state law. Federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Because Steppe has asserted no cognizable federal claim, I cannot exercise supplemental jurisdiction over his state law claim, if any exists. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). Accordingly, I will dismiss Steppe's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**ENTER**: This 30th day of October, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE